IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:22-CR-120 |
| v. | The Honorable Leonie M. Brinkema |
| KYLE WILLIAM LEISHEAR, | Sentencing: May 9, 2023 |
| *Defendant.* | |

## **POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The defendant, Kyle William Leishear, comes before the Court for sentencing after pleading guilty to one count of engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). The advisory Sentencing Guidelines range applicable to the defendant is life imprisonment, and the statute carries a 20-year mandatory minimum term of imprisonment. The United States respectfully recommends that the Court impose a substantial, reasonable sentence deemed appropriate by the Court in its discretion. The United States also respectfully requests that the Court impose a substantial term of supervised release, full restitution as required by statute, forfeiture of electronic devices used in the commission of the offenses, and a $100 special assessment pursuant to 18 U.S.C § 3013.

**I.     Background**

In the fall of 2020, the defendant was a prominent member of the Rapey website, operating under the username "DirtMcGirt." *See* Presentence Investigation Report ("PSR") at ¶¶ 24, 25, 28. Rapey was dedicated to, among other things, the sexual exploitation of children. *Id.* at ¶ 24. The Rapey website contained forums, postings, and conversations dedicated to facilitating an array of

child exploitation offenses, including the production, distribution, and receipt of child sexual abuse material, as well as the enticement of minors to engage in unlawful sexual activity. *Id.* Users, such as the defendant, participated together in forums and other conversations on Rapey where minors were encouraged to produce and share sexually explicit images. *Id.* To date, law enforcement has identified approximately fifty victims who were members of—and who were exploited on—the Rapey website. *Id.* at ¶ 21. Moreover, *dozens* of additional minors were victimized by the defendant and others when images and videos of their sexual abuse were shared amongst the members of the site.

In his capacity as a prominent member on the Rapey website, the defendant enticed a 12-year-old to produce and distribute sexually explicit images on the site, responding to explicit images the child posted by stating: "My god girl, that is a beautiful sight. I would bury my tongue in your ass and pussy as if life depened [sic] on it. DM me anytime. Please keep posting more of your dirty lil fuck holes." *Id.* at ¶ 28. The defendant also attempted to distribute a compilation video of minors under the age of 12 engaged in sexually explicit activities. *Id.* In addition to his unlawful activities on the Rapey website itself, the defendant met up in person with a minor victim whom he met and communicated with on the site and produced multiple videos of the two of them engaged in sexual activity. *Id.*

On July 14, 2022, a federal grand jury returned a single-count indictment charging the defendant, as well as four co-defendants, with engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). *Id.* at ¶ 1. On July 20, 2022, the defendant was arrested in Florida, and was subsequently transported to the Eastern District of Virginia. *Id.* On January 5, 2023, the defendant pleaded guilty, pursuant to a plea agreement, to engaging in a child exploitation enterprise. *Id.* at ¶ 2.

## II. Guidelines Calculations

As the Court is aware, although the Sentencing Guidelines are advisory, sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 261 (2005). Thus, at sentencing, a court "must first calculate the Guidelines range" applicable to the defendant. *Nelson v. United States*, 555 U.S. 350, 351 (2009); s*ee also Gall v. United States*, 552 U.S. 38, 49-50 (2007). Here, the PSR calculated the total offense level for the defendant under the Guidelines as follows:

**COUNT ONE – Engaging in a Child Exploitation Enterprise**

| Guideline | |
|---|---|
| Base offense level (U.S.S.G. § 2G2.2(a)) | 35 |
| Offense involved a minor who had not attained the age of 12 (U.S.S.G. § 2G2.6(b)(1)(A)) | +4 |
| Offense involved the use of a computer or interactive service (U.S.S.G § 2G2.6(b)(3)) | +2 |
| Acceptance of responsibility (U.S.S.G. § 3E1.1(a), (b)) | -3 |
| Defendant engaged in a pattern of activity involving prohibited sexual conduct (U.S.S.G § 4B1.5(b)(1) | +5 |
| **TOTAL OFFENSE LEVEL** | **43** |

PSR at ¶¶ 55-65.

Based on a total offense level of 43 and Criminal History Category I, the PSR calculates the defendant's guidelines range as life imprisonment. *Id* at Part D.

## III. Section 3553(a) Factors

After calculating the Guidelines range, a sentencing court must then consider that range, as well as the sentencing factors set forth in § 3553(a), and determine a sentence that is appropriate and reasonable for the individual defendant. *Nelson*, 555 U.S. at 351; *see also United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). With respect to § 3553(a)'s enumerated factors, of

3

particular relevance here are the "nature and circumstances of the offense," and the need for the sentence "to reflect the seriousness of the offense," "to protect the public from further crimes of the defendant," and "to afford adequate deterrence to criminal conduct."  18 U.S.C. §§ 3553(a)(1), (a)(2).  As explained below, consideration of these factors suggests that a substantial sentence is warranted.

### A. The nature, circumstances, and seriousness of the defendant's offense.

The defendant's conduct in this case was extremely egregious. As a prominent member on the Rapey website, he not only enticed a 12-year-old to produce and distribute sexually explicit images through the site itself, but he also met up in person with another minor victim from the site—and recorded himself engaging in graphic sexual activities with her.  The defendant's multi-faceted production efforts, as demonstrated by his enticing of minors on the site *and* in person to produce sexually explicit images and videos, are especially heinous and disturbing.  Though the government does not have evidence that he distributed the videos of the minor victim he met in person, his creation of multiple sexually explicit videos of her—to include her performing oral sex on him and engaged in sexual intercourse with him—will undoubtedly force her to wrestle with the concern that these videos have been introduced into the electronic ether.  And the commitment of the defendant – then 41 years old – to generate a visual record of his sexual activity with a child under 18 years old well demonstrates his purposefulness and deliberation, further underscoring the need for imposition of a significant sentence.

Moreover, the defendant attempted to distribute a compilation video of children engaged in sexually explicit activities on the site, perpetuating the abuse these children experience when their images and videos are circulated. Child sexual abuse material crimes are grievous offenses that warrant significant sanctions.  *See United States v. Morace*, 594 F.3d 340, 350 (4th Cir. 2010)

(citing a 2003 legislative enactment as "ample evidence of Congress's intent that offenses involving child pornography be treated severely" (internal quotations and citation omitted))). Such crimes inherently involve the sexual abuse of children, even if no new child pornography is produced. *See New York v. Ferber*, 458 U.S. 747, 759 (1982). Indeed, far from being victimless, trafficking in child pornography "harms children in part because it drives production [of child pornography], which involves child abuse." *Paroline v. United States*, 572 U.S. 434, 439 (2014). As the Fourth Circuit observed, "[i]t is well established that children featured in child pornography are harmed by the continuing dissemination and possession of that pornography. Such images are 'a permanent record of the children's participation and the harm to the child is exacerbated by their circulation.'" *United States v. Burgess*, 684 F.3d 445, 459 (4th Cir. 2012) (quoting *Ferber*, 458 U.S. at 759).

It is abundantly clear that, for these victims, the trauma and pain associated with the knowledge that offenders like the defendant are constantly viewing images and videos depicting their sexual abuse has devastating consequences. And while the defendant now admits to his conduct and accepts responsibility for his actions, the irreparable harm he has caused to the victims of his offense nevertheless warrants a substantial term of incarceration.

    **B.**    **The need to protect the public and provide adequate deterrence.**

The defendant's pervasive participation on the Rapey website, where he enticed a 12-year-old to produce sexually explicit images and attempted to distribute a video compilation of child sexual abuse, is extremely troubling in and of itself. However, the defendant's escalation to meeting up with a minor in person and creating explicit videos of his sexual activity with her is *especially* troubling, and firmly demonstrates the highly aggravated risk the defendant poses to

children. Therefore, a substantial term of incarceration is necessary to protect the public and deter the defendant from continuing down this path of illicit activity when he is released.

More broadly, a substantial sentence is warranted here to deter other offenders from engaging in similar behavior. Many offenders believe that they enjoy anonymity when they engage in this sort of conduct over the internet, particularly when congregating with other likeminded individuals and operating under pseudonyms. In this unprecedented climate of online engagement, children are more vulnerable now than they have ever been. Indeed, the National Center for Missing and Exploited Children (NCMEC) has seen a 97.5% increase in online enticement reports and a 28% increase in CyberTipline reports between January 1–December 31, 2020, as compared to the same time period in 2019.[1] The risk to children is inherently increased given the additional opportunities for children to be online, and, as NCMEC's reports demonstrate, offenders are keenly aware of this vulnerability and have been capitalizing on it from the start of the pandemic. Accordingly, the government respectfully requests that the Court impose a substantial sentence that both deters the defendant from continuing this conduct upon his release and sends a message to other offenders that seeking to exploit children and participating in a marketplace that thrives on the sexual abuse of children will not be tolerated.

## IV.   Restitution

Pursuant to 18 U.S.C. §§ 2259 and 3663, as well as the plea agreement in this case, the defendant must pay restitution in the full amount of the victims' losses. The defendant has agreed "that the victims of the conduct described in the charging instrument, statement of facts, or any

---

[1] *See* NCMEC, COVID-19 and Missing & Exploited Children, https://www.missingkids.org/blog/2020/covid-19-and-missing-and-exploited-children (last accessed April 17, 2023).

6

related or similar conduct are victims within the meaning of 18 U.S.C. § 2259(c) and are entitled to restitution." ECF No. 87 ("Plea Agreement"). Further, the defendant has acknowledged his understanding that "the Court must order restitution to each victim in an amount not less than $3,000." *Id*; PSR at ¶ 33. The statement of facts in this case includes the following language:

> As a result of the defendant's conduct, as well as the conduct of other individuals, dozens of minors were victimized on the Rapey website. Additionally, multiple different minor victims were depicted in the sexually explicit images and videos that the defendant distributed on the site, as described above.

*Id.* at ¶ 29. Moreover, as part of the plea agreement, the defendant has also agreed that the Court may defer the imposition of restitution under after sentencing and to waive the requirement under 18 U.S.C. § 3664(d)(5) that the Court determine a final restitution amount no later than ninety days after sentencing. ECF No. 87. Per the Court's instruction at the co-defendants' sentencing, the government will be submitting a restitution position paper (or, if the parties reach agreement on the issue, a proposed consent order) no later than May 25, 2023.

## V. Forfeiture

At sentencing, pursuant to the plea agreement and 18 U.S.C § 2253, the government anticipates submitting a consent order of forfeiture encompassing the electronic devices the defendant used in furtherance of the offense of conviction, or that contained depictions of minors engaged in sexually explicit conduct. The United States respectfully requests that the Court enter the consent order of forfeiture at that time.

## VI. Supervised Release

The Court must also determine the appropriate term of supervised release at sentencing. "Supervised release . . . is not a punishment in lieu of incarceration." *United States v. Granderson*, 511 U.S. 39, 50 (1994). Instead, it "fulfills rehabilitative ends, distinct from those served by

incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Under 18 U.S.C. § 3583(k), the authorized term of supervised release here is at least five years and up to life. This five-year mandatory minimum term reflects a heightened concern for recidivism among sex offenders and the need for supervision over time. *See* H.R. Rep. No. 107–527 at 2 (2002) ("[S]tudies have shown that sex offenders are four times more likely than other violent criminals to recommit their crimes [and that] . . . the recidivism rates do not appreciably decline as offenders age"); H.R. Conf. Rep. No. 108-66 at 49–50 (2003). Notably, the Guidelines recommend a lifetime term of supervised release for sex offenders, U.S.S.G. § 5D1.2(b) (Policy Statement), and the Fourth Circuit has observed that § 3583(k) and 5D1.2(b) jointly "reflect[] the judgment of Congress and the Sentencing Commission that a lifetime term of supervised release is appropriate for sex offenders in order to protect the public." *United States v. Morace*, 594 F.3d 340, 351 (4th Cir. 2010) (quotation marks and citations omitted). For the reasons above, the United States respectfully recommends that the Court impose a substantial term of supervised release with the conditions of supervision contemplated under 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(d)(7) for sex offenders required to register under the Sex Offender Registration and Notification Act.

Continued on next page

## CONCLUSION

For the reasons above, the United States respectfully requests that the Court impose a substantial, reasonable sentence deemed appropriate by the Court in its discretion, a substantial term of supervised release, restitution and forfeiture as described above, and a $100 special assessment under § 3013.

Respectfully Submitted,

Jessica D. Aber
United States Attorney

By:       /s/
Whitney Kramer
Special Assistant United States Attorney (LT)
Seth Schlessinger
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: Whitney.Kramer2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2023, I electronically filed the foregoing memorandum with the Clerk's Office using the CM/ECF system, which will automatically generate notification to all counsel of record.

Respectfully submitted,

/s/
Whitney Kramer
Special Assistant United States Attorney (LT)