IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL No. 1:22-CR-120 |
| v. ) | |
| ) | Hearing Date: May 10, 2023 |
| LEISHEAR, Kyle William ) | |
| Defendant ) | The Honorable Leonie M. Brinkema |
| _____) | |

POSITION OF THE DEFENSE
ON SENTENCING

In accordance with this Court's policy regarding guideline sentencing (USSG) and §6A1.2 of the United States Sentencing Guidelines and Policy Statements, Counsel for the Defendant hereby represents that he and his client have reviewed the Probation Officer's report and the Position of the United States and that the Probation Officer's calculation is correct as she calculated it, we contend that the calculation results in a disparate sentence by overstating the Defendant's culpability in this case. We believe that under decisions of the United States Supreme Court, *see, e.g., Gall v. United States, 552 U.S. 38 (2007); Kimbrough v. United States, 552 U.S. 85 (2007);* and the United States Court of Appeals for the Fourth Circuit, *see*, *e.g., United States v. Pauley, 511 F.3d 468 (4th Cir. 2007)*; that other considerations exist that demand a lower sentence than that suggested by the Sentencing Guidelines and that a more fair sentence would be lower than the mandatory minimum of 240 months, although the Defendant recognizes that the Court has no authority to impose a sentence below the mandatory minimum.

I.   **Factual and Procedural History:**

Mr. Leishear was born in Princeton, New Jersey in 1979 and raised raised in a dysfunctional environment throughout his childhood. His father left the family after Mr. Leishear's first year of life. He would continue to maintain a relationship with his father, although his father's work schedule prevented him from truly being there for his son.

His mother then remarried and moved the family to Quakertown Pa for the next decade. His mother and step father were emotionally and physically abusive. They also turned a blind eye to the abuse Mr. Leishear suffered at the hands of a purported mentor

whom they invited into the home on numerous occasions. His mother and step father separated when Mr. Leishear was 14 years old, and that Christmas his mother informed him and his sister that she was no longer interested, or willing, to be a parent and abandoned them. He and his sister moved back to Pennsylvania and with assistance from other family members, were able to rent a trailer while juggling school and working. As the Court has seen too often, the ingredients for self destruction were already sown and it was merely a matter of time for germination.

As soon as he was eligible, he joined the military as a means of escaping his situation. Unfortunately, he sustained a compound fracture to his foot and ankle, requiring permanent plates and screws, resulting in termination of his military career.

He has a son from a prior relationship with whom he had a very good relationship, however, the instant matter has caused that relationship to end.

In 2008, he began a relationship with Heather Rohrbach and together they moved to Hudson, Florida and purchased a house together and engaged in all the trappings of a permanent relationship. Ms. Rohrbach still stands by his side today (see attached letter on his behalf).

Additionally, his mother and sister were diagnosed with Huntington's disease, ultimately resulting in his mother's death. Both Mr. Leishear and Ms. Rohrbach expressed concerns that Mr. Leishear was exhibiting symptoms consistent with this disease and although the blood test indicated "negative" for it; Mr. Leishear still has concerns that it can, nevertheless, progress and appear at any time in the future.

Upon his arrest on the instant charges, Mr. Leishear took responsibility for his actions and entered a timely plea to the charges.

II.   **Considerations under 18 U.S.C. §3553(a)**

While the Sentencing Guidelines must be taken into account when a Court determines an appropriate sentence (*United States v. Booker,* 543 U.S. 220 (2005)), the Court must also consider other relevant factors as set forth in 18 U.S.C §3553(a) which Counsel shall now address individually.

The first factor stated is the nature and circumstances of the offense. Mr. Leishear does not contest the seriousness of this crime. If anything, as a survivor of such abuse himself, he is aware, more than most, of the damage this type of activity can cause. The Government

spends a significant portion of its position arguing that it has grave concerns due to the fact that Mr. Leishear engaged in sexual activity with one of the minors he met on the site. What the Government does not mention is that sexual activity was legal. The Government is aware that the age of consent in Georgia is 16 years old and Mr. Leishear did not commit any crime by engaging in sexual activity with the minor. It is disingenuous for the Government to ask this Court to punish Mr. Leishear for engaging in legal sexual activity in Georgia, when their complaint is that Georgia, and other similar states, have age of consent laws that they disagree with.

With respect to his history and characteristics, Mr. Leishear has no prior criminal convictions and very limited interaction with law enforcement. Further, until his involvement in this matter, there appears to be no history of engagement nor interest in women other than those who were age-appropriate.

Likewise, the mandatory minimum is, arguably more than, sufficient to promote respect for the law, be an adequate deterrence, protect the public from further crimes by Mr. Leishear, and provide him with effective educational and correctional treatment. Further, a lifetime probationary period will help insure that Mr. Leishear never engages in criminal activity again.

**Conclusion**

In conclusion, Mr. Leishear has spent 10 months incarcerated to date, his first period of incarceration ever. A sentence of 240 months is 24 times the period of time he's already been incarcerated and is, arguably more than, sufficient to accomplish the goals of sentencing. Therefore we respectfully request this Court impose the mandatory minimum.

Respectfully Submitted,

_____/S/_____
Harry A. Dennis III
Virginia State Bar Number 40888
Attorney for the Defendant
2111 Wilson Blvd
8th Floor
Arlington, Virginia 22201
(703) 248-0626 telephone
(703) 248-8971 facsimile
hdennis@dsklaw.com

CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on the 5st day of May, 2023, an exact copy of the foregoing Position of the Defense with Respect to Sentencing Factors was filed with the Clerk of the Court using the CM/ECF system, causing a Notice of Electronic Filing to be served upon:

Whitney Kramer, Esquire
Seth Schlessinger, Esquire
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700 telephone
(703) 299-3980 facsimile
Whitney.kramer2@usdoj.gov
Seth.schlessinger@usdoj.gov


                                                _____/S/_____
                                                Harry A. Dennis III
                                                Virginia State Bar Number 40888
                                                Attorney for the Defendant
                                                2111 Wilson Blvd
                                                8th Floor
                                                Arlington, Virginia 22201
                                                (703) 248-0626 telephone
                                                (703) 248-8971 facsimile
                                                hdennis@dsklaw.com